Bobby Saadian, SBN: 250377
WILSHIRE LAW FIRM
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Tel: (213) 381-9988
Fax: (213) 381-9989

*Attorneys for Plaintiff
and Proposed Class*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTRANIK MEKERDIJIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SAKS FIFTH AVENUE LLC, a New York Limited Liability Company; LORD & TAYLOR LLC; HUDSON'S BAY COMPANY, a foreign corporation; and DOES 1 to 10, inclusive;<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT**<br>1. BREACH OF IMPLIED CONTRACT<br>2. NEGLIGENCE<br>3. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE § 17200 - UNLAWFUL BUSINESS PRACTICES<br>4. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 UNFAIR BUSINESS PRACTICES<br>5. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 FRAUDULENT/DECEPTIVE BUSINESS PRACTICES<br>6. UNFAIR AND DECEPTIVE BUSINESS PRACTICES<br>7. CONSTITUTIONAL INVASION OF PRIVACY<br>8. NEGLIGENCE *PER SE*<br>9. BREACH OF COVENANT OF DUTY OF GOOD FAITH AND FAIR DEALING<br>10. VIOLATION OF STATE DATA BREACH ACTS |

1

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

Plaintiffs Antranik Mekerdijian ("Plaintiff"), individually and on behalf of all others similarly situated, allege the following on information and belief, except that Plaintiffs' allegations as to their own actions are based on personal knowledge.

## NATURE OF THE ACTION

1.    Millions of customers' personal identifiable information have been stolen due to Defendants.

2.    On or about March, 2017 to present, Saks Fifth Avenue, Saks Fifth Avenue OFF 5TH, a discounted outlet of the luxury department store Saks Fifth Avenue, and Lord & Taylor Stores' locations were hacked and individuals who shopped and used their debit or credit cards at any of their locations had their information compromised.

3.    Plaintiff, individually and on behalf of those similarly situated persons (hereafter "Class Members"), brings this Class Action to secure redress against Saks Fifth Avenue, LLC, Lord & Taylor LLC, and Hudson's Bay Company, for their reckless and negligent violation of customer privacy rights.  Plaintiffs and Class Members are former customers who made purchases at Defendants' stores during the period of time that Defendants' security was breached.

4.    Plaintiffs and Class Members suffered injury.  The security breach compromised customers' full name, credit and debit card account numbers, card expiration dates, card verification codes, email, phone number, address, social security number and other private identifiable information ("PII").

5.    As a result of Saks Fifth Avenue, LLC, Lord & Taylor LLC, and Hudson's Bay Company's wrongful actions and inactions, customer information was stolen.  Many of the customers who shopped at Defendants' stores have had their PII compromised, have had their privacy rights violated, have been exposed to the risk of fraud and identify theft, and have otherwise suffered damages.

///

///

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**THE PARTIES**

6.      Plaintiff Antranik Mekerdijian is a California citizen residing in Los Angeles, California. Plaintiff has made purchases at Defendants store during the time period of the data breach. Plaintiff's information following his purchase has been stolen and is being sold in the dark web.

7.      Plaintiff brings this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who had shopped at any of the locations, during the period of March, 2017 to April 2, 2018.

8.      Plaintiff is informed and believes and thereon alleges that Defendant SAKS FIFTH AVENUE LLC ("SAKS") is a New York limited liability company, with its principal place of business located at 12 East 49th Street, New York, New York and is doing business in and with the state of California.

9.      Plaintiff is informed and believes and thereon alleges that Defendant LORD & TAYLOR LLC ("L&T") was and still is a limited liability company organized under the laws of Delaware with a principal place of business at 424 Fifth Avenue in New York, New York.  Lord & Taylor does systematic business in California and in this District; maintains its global headquarters in New York, and has transacted business in California and contracted to supply goods or services in California in connection with the matters giving rise to this lawsuit.

10.      Plaintiff is informed and believes and thereon alleges that both L&T and SAKS are operated by Canadian retail business group Hudson's Bay Company ("HBC"). Defendant HUDSON'S BAY COMPANY is a Foreign Corporation with its headquarters located in Toronto, Canada.

11.      Unless otherwise stated, all Defendants are collectively referred to herein as "Defendants." Plaintiff is informed and alleges that at all relevant times Defendants shared common management, officers, owners, and directors, and that they carried out a joint scheme, business plan, or policy, and that acts or omissions of each are attributable to the other. Plaintiff is informed and alleges that at all

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

relevant times Defendants did business in the state of California. Plaintiff is informed and alleges that each and every of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

12.    Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since some of the Class Members are citizens of a State different from the Defendant and, upon the original filing of this complaint, members of the putative Plaintiff class resided in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

14.    The Court also has personal jurisdiction over the Parties because Defendants conduct a major part of their national operations with regular and continuous business activity in California, on information and belief through a number of hotels and with an advertising budget both not exceeded in other jurisdictions throughout the United States.

15.    Venue is appropriate because, among other things: (a) one of the Plaintiffs is a resident of this District and a citizen of this state; (b) the Defendants had directed their activities at residents in this District; (b) the acts and omissions that give rise to this Action took place, among others, in this judicial district.

16.    Venue is further appropriate pursuant to 28 U.S.C. § 1391 because Defendants conduct a large amount of their business in this District, and Defendants

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

have substantial relationships in this District.  Venue is also proper in this Court because a substantial part of the events and omissions giving rise to the harm of the Class Members occurred in this District.

### SUBSTANTIVE ALLEGATIONS

#### A. The Data Breach.

17.    On March 28, 2018, a hacking syndicate called JokerStash announced the release of compromised records called BIGBADABOOM-2.  The hacking occurred at Saks Fifth Avenue, Saks Fifth Avenue OFF 5TH, and Lord & Taylor stores from May, 2017 or earlier to present.

18.    Plaintiff and Class Members shopped at several of Defendants' stores, and had their information compromised due to Defendants' lax security practices.

#### B. Stolen Information Is Valuable to Hackers and Thieves.

19.    It is well known, and the subject of many media reports, that payment card data is highly coveted and a frequent target of hackers.  Especially in the technology industry, the issue of data security and threats thereto, is well known. Despite well-publicized litigation and frequent public announcements of data breaches, Defendants opted to maintain an insufficient and inadequate system to protect the payment information of Plaintiffs and Class Members. It is well known, and the subject of many media reports, that PII is highly coveted and a frequent target of hackers.  Despite well-publicized litigation and frequent public announcements of data breaches, Defendants and its affiliates opted to maintain an insufficient and inadequate system to protect the PII of Plaintiffs and Class Members.

20.    Legitimate organizations and criminal underground alike recognize the value of PII.  Otherwise, they would not aggressively seek or pay for it.  As previously seen in one of the world's largest data breaches, hackers compromised the card holder data of 40 million of Target's customers.  *See* "Target: 40 million credit cards compromised," CNN Money, Dec. 19, 2013, *available* at

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

http://money.cnn.com/2013/12/18/news/companies/target-credit-card/, attached hereto as **Exhibit A**.

21.    Credit or debit card information is highly valuable to hackers. Credit and debit card information that is stolen from the point of sale are known as "dumps." *See* Krebs on Security April 16, 2016, Blog Post, *available at* https://krebsonsecurity.com/2016/04/all-about-fraud-how-crooks-get-the-cvv/, attached hereto as **Exhibit B**. Credit and debit card dumps can be sold in the cybercrime underground for a retail value of about "$20 apiece." *Id.* This information can also be used to clone a debit or credit card. *Id.*

### C. The Data Breach Has and Will Result in Additional Identity Theft and Identity Fraud

22.    Defendants failed to implement and maintain reasonable security procedures and practices appropriate to protect the PII of Plaintiffs and the Class Members.

23.    The ramification of Defendants' failure to keep Plaintiff's and Class Members' data secure is severe.

24.    According to Javelin Strategy and Research, "one in every three people who is notified of being a potential fraud victim becomes one . . . with 46% of consumers who had cards breached becoming fraud victims that same year." "Someone Became an Identity Theft Victim Every 2 Seconds Last Year," Fox Business, Feb. 5, 2014 *available* at http://www.foxbusiness.com/personal-finance/2014/02/05/someone-became-identitytheft-victim-every-2-seconds-last-year.html, attached hereto as **Exhibit C**.

25.    It is incorrect to assume that reimbursing a consumer for a financial loss due to fraud makes that individual whole again. On the contrary, after conducting a study, the Department of Justice's Bureau of Justice Statistics ("BJS") found that "among victims who had personal information used for fraudulent purposes, 29% spent a month or more resolving problems." *See* "Victims of

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Identity Theft," U.S. Department of Justice, Dec 2013, *available at* https://www.bjs.gov/content/pub/pdf/vit12.pdf, attached hereto as **Exhibit D**. In fact, the BJS reported, "resolving the problems caused by identity theft [could] take more than a year for some victims." *Id*. at 11.

### D.  Annual Monetary Losses from Identity Theft are in the Billions of Dollars

26.    Javelin Strategy and Research reports that losses from identity theft reached $21 billion in 2013.  *See* 2013 Identity Fraud Report, attached hereto as **Exhibit E**. There may be a time lag between when harm occurs and when it is discovered, and also between when PII is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

See GAO, Report to Congressional Requesters, at 33 (June 2007), *available* at *http://www.gao.gov/new.items/d07737.pdf*, attached hereto as **Exhibit F**.

27.    Plaintiff and Class Members now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights. The Class is incurring and will continue to incur such damages in addition to any fraudulent credit and debit card charges incurred by them and the resulting loss of use of their credit and access to funds, whether or not such charges are ultimately reimbursed by the credit card companies.

///

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

### E. *Plaintiff and Class Members Suffered Damages*

28.    The data breach was a direct and proximate result of Defendants' failure to properly safeguard and protect Plaintiff's and Class Members' PII from unauthorized access, use, and disclosure, as required by various state and federal regulations, industry practices, and the common law.  The data breach was also a result of Defendants' failure to establish and implement appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of Plaintiffs' and Class Members' PII to protect against reasonably foreseeable threats to the security or integrity of such information.

29.    Plaintiff's and Class Members' PII is private and sensitive in nature and was inadequately protected by Defendants.  Defendants did not obtain Plaintiffs' and Class Members' consent to disclose their PII, except to certain persons not relevant to this action, as required by applicable law and industry standards.

30.    As a direct and proximate result of Defendants' wrongful action and inaction and the resulting data breach, Plaintiff and Class Members have been placed at an imminent, immediate, and continuing risk of harm from identity theft and identity fraud, requiring them to take the time and effort to mitigate the actual and potential impact of the subject data breach on their lives by, among other things, placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, and closely reviewing and monitoring their credit reports and accounts for unauthorized activity.

31.    Defendants' wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's and Class Members' PII, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

a.    Theft of their PII;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

b.   The imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiff's and Class Members' information on the Internet black market;

c.   The untimely and inadequate notification of the data breach;

d.   The improper disclosure of their PII;

e.   Loss of privacy;

f.   Ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the data breach;

g.   Ascertainable losses in the form of deprivation of the value of their PII, for which there is a well-established national and international market;

h.   Overpayments to Defendants for purchased products and purchase during the subject data breach in that a portion of the price paid for such product by Plaintiff and Class Members to Defendants was for the costs of reasonable and adequate safeguards and security measures that would protect customers' PII, which Defendants did not implement and, as a result, Plaintiff and Class Members did not receive what they paid for and were overcharged by Defendants; and

i.   Deprivation of rights they possess under the Unfair Competition Laws.

## CLASS ACTION ALLEGATIONS

32.   Plaintiff bring this action on their own behalf and pursuant to the Federal Rules of Civil Procedure Rule 23(a), (b)(2), (b)(3), and (c)(4), Plaintiff seeks certification of a Nationwide class and a California class.  The nationwide class is initially defined as follows:

All persons residing in the United States who made purchases at Saks Fifth Avenue, Saks Fifth Avenue OFF 5TH, and, Lord &

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Taylor stores from the time period May, 1, 2017 and April 2, 2018 (the "Nationwide Class").

The California class is initially defined as follows:

All persons residing in California who made a purchases at Saks Fifth Avenue, Saks Fifth Avenue OFF 5TH, and, Lord & Taylor stores from the time period May, 1, 2017 and April 2, 2018 (the "California Class").

33.    Excluded from each of the above Classes are Defendants, including any entity in which Defendants have a controlling interest, is a parent or subsidiary, or which is controlled by Defendants, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendants. Also excluded are the judges and court personnel in this case and any members of their immediate families. Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

34.    *Numerosity*. Fed. R. Civ. P. 23(a)(1). The members of the Classes are so numerous that the joinder of all members is impractical. While the exact number of Class Members is unknown to Plaintiffs at this time, Defendants' have acknowledged that customers' PII was stolen for a period of twelve months. The disposition of the claims of Class Members in a single action will provide substantial benefits to all parties and to the Court. The Class Members are readily identifiable from information and records in Defendants' possession, custody, or control, such as reservation receipts and confirmations.

35.    *Commonality*. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Classes, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

a. Whether Defendants owed a duty of care to Plaintiff and Class Members with respect to the security of their personal information;

b. Whether Defendants took reasonable steps and measures to safeguard Plaintiff's and Class Members' personal information;

c. Whether Defendants violated California's Unfair Competition Law by failing to implement reasonable security procedures and practices;

d. Whether Defendants violated common and statutory law by failing to promptly notify Class Members their Private Identifiable Information had been compromised;

e. Which security procedures and which data-breach notification procedure should Defendants be required to implement as part of any injunctive relief ordered by the Court;

f. Whether Defendants have an implied contractual obligation to use reasonable security measures;

g. Whether Defendants have complied with any implied contractual obligation to use reasonable security measures;

h. Whether Defendants' acts and omissions described herein give rise to a claim of negligence;

i. Whether Defendants' knew or should have known of the security breach prior to the disclosure;

j. Whether Defendants' had a duty to promptly notify Plaintiff and Class Members that their personal information was, or potentially could be, compromised;

k. What security measures, if any, must be implemented by Defendants to comply with their implied contractual obligations;

l. Whether Defendants violated California's privacy laws in connection with the acts and omissions described herein;

m. What the nature of the relief should be, including equitable relief, to

which Plaintiff and the Class Members are entitled;

n.    Whether Defendants willfully and/or negligently violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; and

o.    Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

36.    *Typicality*. Fed. R. Civ. P. 23(a)(3).  Plaintiff's claims are typical of those of other Class Members because Plaintiff's PII, like that of every other Class Member, was misused and/or disclosed by Defendants.

37.    *Adequacy of Representation*. Fed. R. Civ. P. 23(a)(4).  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in litigation of class actions, including consumer and data breach class actions, and Plaintiff intend to prosecute this action vigorously.  Plaintiff's claims are typical of the claims of other members of the Class and Plaintiff has the same non-conflicting interests as the other Members of the Class.  The interests of the Class will be fairly and adequately represented by Plaintiff and his counsel.

38.    *Superiority of Class Action*. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Classes is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims.  There will be no difficulty in the management of this action as a class action.

39.    Damages for any individual class member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go un-remedied.

40.    Class certification is also appropriate under Fed. R. Civ. P. 23(a) and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

(b)(2), because Defendants have acted or refused to act on grounds generally applicable to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Classes as a whole.

## COUNT I

### Breach of Implied Contract

(On Behalf of Plaintiff and the Nationwide and California Classes)

41.     Plaintiff alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if set forth fully herein.

42.     Defendants solicited and invited Plaintiff and the members of the Class to purchases at their stores.  Plaintiff and Class Members accepted Defendants' offers and made purchases at Defendants' stores.

43.     When Plaintiff and Class Members made purchases at Defendants' stores, they provided their Private Identifiable Information.  In so doing, Plaintiff and Class Members entered into implied contracts with Defendants pursuant to which Defendants agreed to safeguard and protect such information and to timely and accurately notify Plaintiff and Class Members if their data had been breached and compromised.

44.     Each reservation by Plaintiff and Class Members was made pursuant to the mutually agreed-upon implied contract with Defendants under which Defendants agreed to safeguard and protect Plaintiff's and Class Members' PII and to timely and accurately notify them if such information was compromised or stolen.

45.     Plaintiff and Class Members would not have provided and entrusted their PII to Defendants in the absence of the implied contract.

46.     Plaintiff and Class Members fully performed their obligations under the implied contracts with Defendants.

47.     Defendants breached the implied contracts they made with Plaintiff

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

and Class Members by failing to safeguard and protect the PII of Plaintiff and Class Members and by failing to provide timely and accurate notice to them that their PII was compromised as a result of the data breach.

48.    As a direct and proximate result of Defendants' breaches of the implied contracts between Defendants and Plaintiff and Class Members, Plaintiffs and Class Members sustained actual losses and damages as described in detail above.

## COUNT II

### Negligence

(On Behalf of Plaintiff and the Nationwide and California Classes)

49.    Plaintiff alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if set forth fully herein.

50.    Upon accepting Plaintiff's and Class Members' PII in their respective system, Defendants undertook and owed a duty to Plaintiff and Class Members to exercise reasonable care to secure and safeguard that information from being compromised, lost, stolen, misused, and or/disclosed to unauthorized parties, and to utilize commercially reasonable methods to do so.  This duty included, among other things, designing, maintaining, and testing Defendants' security systems to ensure that Plaintiff's and the Class Members' PII was adequately secured and protected.

51.    Defendants further had a duty to implement processes that would detect a breach of its security system in a timely manner.

52.    Defendants had a duty to timely disclose to Plaintiff and Class Members that their PII had been or was reasonably believed to have been compromised.  Timely disclosure was appropriate so that, among other things, Plaintiffs and Class Members could take appropriate measures to avoid use of bank funds, and monitor their account information and credit reports for fraudulent activity.

53.    Defendants breached its duty to discover and to notify Plaintiffs and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Class Members of the unauthorized access by failing to discover the security breach within reasonable time and by failing to notify Plaintiff and Class Members of the breach until March, 2018.  To date, Defendants have not provided sufficient information to Plaintiff and Class Members regarding the extent and scope of the unauthorized access and continues to breach its disclosure obligations to Plaintiff and the Class.

54.    Defendants also breached their duty to Plaintiff and Class Members to adequately protect and safeguard this information by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PII.  Furthering its negligent practices, Defendants failed to provide adequate supervision and oversight of the PII, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted a third party to gather Plaintiff's and Class Members' PII, misuse the PII, and intentionally disclose it to others without consent.

55.    Through Defendants' acts and omissions described in this Complaint, including Defendants' failure to provide adequate security and its failure to protect Plaintiff's and Class Members' PII from being foreseeably captured, accessed, disseminated, stolen, and misused, Defendants unlawfully breached their duty to use reasonable care to adequately protect and secure Plaintiff's and Class Members' PII during the time it was within Defendants' control.

56.    Further, through its failure to timely discover and provide clear notification of the data breach to consumers, Defendants prevented Plaintiff and Class Members from taking meaningful, proactive steps to secure their PII.

57.    Upon information and belief, Defendants improperly and inadequately safeguarded the PII of Plaintiff and Class Members that deviated from standard industry rules, regulations, and practices at the time of the data breach.

58.    Defendants' failure to take proper security measures to protect Plaintiffs and Class Members' sensitive PII as described in this Complaint, created

conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized access of Plaintiff's and Class Members' PII.

59.   Defendants' conduct was grossly negligent and departed from all reasonable standards of care, including, but not limited to: failing to adequately protect the PII; failing to conduct adequate regular security audits; failing to provide adequate and appropriate supervision of persons having access to Plaintiff's and Class Members' PII.

60.   Neither Plaintiff nor the other Class Members contributed to the data breach and subsequent misuse of their PII as described in this Complaint.  As a direct and proximate result of Defendants' negligence, Plaintiff and Class Members sustained actual losses and damages as described in detail above.

<u>**COUNT III**</u>

**Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200 Unlawful Business Practices**

(On Behalf of the Plaintiff and California Class)

61.   Plaintiff alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if set forth fully herein

62.   Defendants have violated Cal. Bus. and Prof. Code §17200 et seq. by engaging in unlawful, unfair or fraudulent business acts and practices and unfair, deceptive, untrue or misleading advertising that constitute acts of "unfair competition" as defined in Cal. Bus. Prof. Code §17200.  Defendants engaged in unlawful acts and practices with respect to its services by establishing the sub-standard security practices and procedures described herein; by soliciting and collecting Plaintiff's and Class Members' PII with knowledge that the information would not be adequately protected; and by gathering Plaintiff's and Class Members' PII in an unsecure electronic environment in violation of California's data breach statute, Cal. Civ. Code § 1798.81.5, which requires Defendants to take reasonable

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

steps to safeguard the PII of Plaintiff and the Class Members.

63.    In addition, Defendants engaged in unlawful acts and practices with respect to its services by failing to discover and then disclose the data breach to Plaintiff and Class Members in a timely and accurate manner, contrary to the duties imposed by Cal. Civ. Code § 1798.82.  To date, Defendants have not provided such sufficient information to Plaintiff and the Class Members.

64.    As a direct and proximate result of Defendants unlawful acts and practices, Plaintiffs and the Class Members were injured and lost money or property, including but not limited to the loss of their legally protected interest in the confidentiality and privacy of their PII, and additional losses described above.

65.    Defendants knew or should have known that their system had been breached and data security practices were inadequate to safeguard Plaintiff's and Class Members' PII and that the risk of a data breach or theft was highly likely. Defendants' actions in engaging in the above-named unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiff and Class Members.

66.    Plaintiff and members of the Classes seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq*., including, but not limited to, restitution to Plaintiffs and Class Members of money or property that Defendants may have acquired by means of its unlawful, and unfair business practices, restitutionary disgorgement of all profits accruing to Defendants because of their unlawful and unfair business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. § 1021.5), and injunctive or other equitable relief.

## <u>COUNT IV</u>

### Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200 Unfair Business Practices

(On Behalf of the Plaintiff and the California Class)

67.    Plaintiff allege and incorporate herein by reference, each and every

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if set forth fully herein.

68.     Defendants engaged in unfair acts and practices by soliciting and collecting Plaintiff's and Class Members' PII with knowledge that the information would not be adequately protected; while Plaintiff's and the Class Members' PII would be processed in an unsecure electronic environment. These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and Class Members. They were likely to deceive the public into believing their PII was secure, when it was not. The harm these practices caused to Plaintiff and the members of the Class outweighed their utility, if any.

69.     Defendants engaged in unfair acts and practices with respect to the provision of its services by failing to enact adequate privacy and security measures and protect Plaintiff's and Class Members' PII from further unauthorized disclosure, release, data breaches, and theft, and failing to timely discovery and give notice of the data breach. These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and Class Members. They were likely to deceive the public into believing their Private Identifiable Information was secure, when it was not. The harm these practices caused to Plaintiff and the Class Members outweighed their utility, if any.

70.     As a direct and proximate result of Defendants' acts of unfair practices and acts, Plaintiff and the members of the Class were injured and lost money or property, including but not limited to the loss of their legally protected interest in the confidentiality and privacy of their PII, and additional losses described above.

71.     Defendants knew or should have known that their systems and data security practices were inadequate to safeguard Plaintiff's and Class Members' PII and that the risk of a data breach or theft was highly likely. Defendants' actions in engaging in the above-named unlawful practices and acts were negligent, knowing

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  and willful, and/or wanton and reckless with respect to the rights of the Plaintiff and

2  Class Members.

3      72.    The members of the Class seek relief under Cal. Bus. & Prof. Code §

4  17200, *et. seq*., including, but not limited to, restitution to Plaintiff and Class

5  Members of money or property that the Defendants may have acquired by means

6  of its unfair business practices, restitutionary disgorgement of all profits accruing

7  to Defendants because of its unfair business practices, declaratory relief, attorney's

8  fees and costs (pursuant to Cal. Code Civ. Proc. §1021.5), and injunctive or other

9  equitable relief.

### COUNT V

**Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code
§17200 Fraudulent/Deceptive Business Practices**

(On Behalf of the Plaintiff and California Class)

14     73.    Plaintiff allege and incorporate herein by reference, each and every

15  allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if

16  set forth fully herein

17     74.    Defendants engaged in fraudulent and deceptive acts and practices by

18  representing and advertising that it would maintain adequate data privacy and

19  security practices and procedures to safeguard the Plaintiff's and Class Members'

20  PII from unauthorized disclosure, release, data breaches, and theft; and representing

21  and advertising that it did and would comply with the requirements of relevant

22  federal and state laws pertaining to the privacy and security of the members of the

23  Class' Private Identifiable Information.    These representations were likely to

24  deceive members of the public, including Plaintiff and Class Members, into

25  believing their Private Identifiable Information was securely stored, when it was

26  not, and that Sabre was complying with relevant law, when it was not.

27     75.    Defendants engaged in fraudulent and deceptive acts and practices by

28  omitting, suppressing, and concealing the material fact of the inadequacy of the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

privacy and security protections for the Plaintiff's and Class Members' PII.  When the Plaintiff and Class Members purchased products with Defendants, Defendants failed to disclose to the Plaintiff and Class Members that its data security systems failed to meet legal and industry standards for the protection of their Private Identifiable Information.  Plaintiff and the Class would not have made any type of purchase with Defendants if they had known about its substandard data security practices.  These representations were likely to deceive members of the public, including the Plaintiff and Class Members, into believing their PII was secure, when it was not, and that Defendants were complying with relevant law and industry standards, when it was not.

76.    As a direct and proximate result of Defendants' deceptive practices and acts, the Plaintiff and Class Members were injured and lost money or property, including but not limited to the loss of their legally protected interest in the confidentiality and privacy of their PII, and additional losses described above.

77.    Defendants knew or should have known that their system and data security practices were inadequate to safeguard the Plaintiff's and Class Members' PII and that the risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of the Plaintiff and Class Members.

78.    Class Members seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq.*, including, but not limited to, restitution to the Plaintiff and Class Members of money or property that Defendants may have acquired by means of their fraudulent and deceptive business practices, restitutionary disgorgement of all profits accruing to Defendants because of their fraudulent and deceptive business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. §1021.5), and injunctive or other equitable relief.

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT VI

### Unfair and Deceptive Business Practices

(On Behalf of the Nationwide Class)

79.    Plaintiff allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if set forth fully herein.

80.    The Plaintiff brings this Count individually, and on behalf of all similarly situated residents of each of the 50 States and the District of Columbia, aside from the state of California, for violations of the respective statutory consumer protection laws, as follows:

a.    the Alabama Deceptive Trade Practices Act, Ala.Code 1975, § 8–19–1, *et seq*.;

b.    the Alaska Unfair Trade Practices and Consumer Protection Act, AS § 45.50.471, *et seq*.;

c.    the Arizona Consumer Fraud Act, A.R.S §§ 44-1521, *et seq*.;

d.    the Arkansas Deceptive Trade Practices Act, Ark.Code §§ 4-88-101, *et seq*.;

e.    the Colorado Consumer Protection Act, C.R.S.A. §6-1-101, *et seq*.;

f.    the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110, *et seq*.;

g.    the Delaware Consumer Fraud Act, 6 Del. C. § 2513, *et seq*.;

h.    the D.C. Consumer Protection Procedures Act, DC Code § 28-3901, *et seq*.;

i.    the Florida Deceptive and Unfair Trade Practices Act, FSA § 501.201, *et seq*.;

j.    the Georgia Fair Business Practices Act, OCGA § 10-1-390, *et seq*.;

k.    the Hawaii Unfair Competition Law, H.R.S. § 480-1, *et seq*.;

l.    the Idaho Consumer Protection Act, I.C. § 48-601, *et seq*.;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

m.  the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1 *et seq*.;

n.  the Indiana Deceptive Consumer Sales Act, IN ST § 24-5-0.5-2, *et seq*.

o.  the Iowa Private Right of Action for Consumer Frauds Act, Iowa Code Ann. § 714H.1, *et seq*.;

p.  the Kansas Consumer Protection Act, K.S.A. § 50-623, *et seq*.;

q.  the Kentucky Consumer Protection Act, KRS 367.110, *et seq*.;

r.  the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401, *et seq*.;

s.  the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A, *et seq*.;

t.  the Maryland Consumer Protection Act, MD Code, Commercial Law, § 13-301, *et seq*.;

u.  the Massachusetts Regulation of Business Practices for Consumers Protection Act, M.G.L.A. 93A, *et seq*.;

v.  the Michigan Consumer Protection Act, M.C.L.A. 445.901, *et seq*.;

w.  the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq*.;

x.  the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, *et seq*.

y.  the Missouri Merchandising Practices Act, V.A.M.S. § 407, *et seq*.;

z.  the Montana Unfair Trade Practices and Consumer Protection Act of 1973, Mont. Code Ann. § 30-14-101, *et seq*.;

aa. the Nebraska Consumer Protection Act, Neb.Rev.St. §§ 59-1601, *et seq*.;

bb. the Nevada Deceptive Trade Practices Act, N.R.S. 41.600, *et seq*.;

cc. the New Hampshire Regulation of Business Practices for Consumer Protection, N.H.Rev.Stat. § 358-A:1, *et seq*.;

dd. the New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq*.;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

ee.   the New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1, *et seq.*;

ff.   the New York Consumer Protection from Deceptive Acts and Practices, N.Y. GBL (McKinney) § 349, *et seq.*;

gg.   the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen Stat. § 75-1.1, *et seq.*;

hh.   the North Dakota Consumer Fraud Act, N.D. Cent.Code Chapter 51-15, *et seq.*;

ii.   the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.*;

jj.   the Oklahoma Consumer Protection Act, 15 O.S.2001, §§ 751, *et seq.*;

kk.   the Oregon Unlawful Trade Practices Act, ORS 646.605, *et seq.*;

ll.   the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*;

mm.   the Rhode Island Deceptive Trade Practices Act, G.L.1956 § 6-13.1-5.2(B), *et seq.*;

nn.   the South Carolina Unfair Trade Practices Act, SC Code 1976, §§ 39-5-10, *et seq.*;

oo.   the South Dakota Deceptive Trade Practices and Consumer Protection Act, SDCL § 37-24-1, *et seq.*;

pp.   the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq.*;

qq.   the Texas Deceptive Trade Practices-Consumer Protection Act, V.T.C.A., Bus. & C. § 17.41, *et seq.*;

rr.   the Utah Consumer Sales Practices Act, UT ST § 13-11-1, *et seq.*;

ss.   the Vermont Consumer Fraud Act, 9 V.S.A. § 2451, *et seq.*;

tt.   the Virginia Consumer Protection Act of 1977, VA ST § 59.1-196, *et seq.*;

uu.   the Washington Consumer Protection Act, RCWA 19.86.010, *et seq.*;

vv.   the West Virginia Consumer Credit And Protection Act, W.Va.Code § 46A-1-101, *et seq.*;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

ww.  the Wisconsin Deceptive Trade Practices Act, WIS.STAT. § 100.18, *et seq*.; and

xx.  the Wyoming Consumer Protection Act, WY ST § 40-12-101, *et seq*.

81.  Defendants violated the statutes set forth above (collectively, the "Consumer Protection Acts") by failing to properly implement adequate, commercially reasonable security measures to protect the Plaintiff and Class Members' PII, and by allowing third parties to access the Plaintiff's and Class Members' PII.

82.  Defendants further violated the Consumer Protection Acts by failing to disclose to the consumers that its data security practices were inadequate, thus inducing consumers to purchased products with Defendants.

83.  Defendants' acts and/or omissions constitute fraudulent, deceptive, and/or unfair acts or omissions under the Consumer Protection Acts.

84.  The Plaintiff and Class Members were deceived by Defendants' failure to properly implement adequate, commercially reasonable security measures to protect their PII.

85.  Defendants' intended for Plaintiff and Class Members to rely on them to protect the information furnished to it in connection with debit and credit card transactions, in such manner that the Plaintiff and Class Members' PII would be protected, secure and not susceptible to access from unauthorized third parties.

86.  Defendants instead handled Plaintiff and Class Members' information in such manner that it was compromised.

87.  Defendants failed to follow industry best practices concerning data security or was negligent in preventing the data breach from occurring.

88.  It was foreseeable that Defendants' willful indifference or negligent course of conduct in handling PII it collected would put that information at the risk of compromise by data thieves.

89.  On information and belief, Defendants benefited from mishandling the

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

PII of customers, by not taking effective measures to secure this information, and therefore saving on the cost of providing data security.

90.    Defendants' fraudulent and deceptive acts and omissions were intended to induce Plaintiff's and Class Members' reliance on Defendants' deception that their PII was secure.

91.    Defendants' conduct offends public policy and constitutes unfair acts or practices under the Consumer Protection Acts because Defendants caused substantial injury to the Plaintiff and Class Members that is not offset by countervailing benefits to consumers or competition, and is not reasonably avoidable by consumers.

92.    Defendants' acts or practice of failing to employ reasonable and appropriate security measures to protect Private Information constitute violations of the Federal Trade Commission Act, 15 U.S.C. § 45(a), which the courts consider when evaluating claims under the Consumer Protection Acts, including 815 ILCS 505/2.

93.    Defendants' conduct constitutes unfair acts or practices as defined in the Consumer Protection Acts because Defendants caused substantial injury to Class members, which injury is not offset by countervailing benefits to consumers or competition and was not reasonably avoidable by consumers.

94.    The Plaintiff and Class Members have suffered injury in fact and actual damages including lost money and property as a result of Defendants' violations of the Consumer Protection Acts.

95.    Defendants' fraudulent and deceptive behavior proximately caused the Plaintiff's and Class Members' injuries, and Defendants conducted itself with reckless indifference toward the rights of others, such that an award of punitive damages is appropriate.

96.    Defendants failure to disclose information concerning the data breach directly and promptly to affected customers, constitutes a separate fraudulent act or

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

practice in violation of the Consumer Protection Acts.

97.    Plaintiff seek attorney's fees and damages to the fullest extent permitted under the Consumer Protection Acts, including N.Y. G.B.L. § 349(h).

## COUNT VII

### Constitutional Invasion of Privacy

(On Behalf of the California Class)

98.    Plaintiff allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if set forth fully herein.

99.    Cal. Const., Art. 1., section 1 provides that "[a]ll people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

100.    The Plaintiff and Class Members had a legally protected privacy interest in the PII provided to Defendants.

101.    The Plaintiff and Class Members had a reasonable expectation of privacy as to the PII they provided to Defendants under the circumstances of their purchases.

102.    Defendants' actions and inactions amounted to a serious invasion of the protected privacy interests of the Plaintiff and Class Members.

103.    Defendants' invasion of the Plaintiff and Class Members' reasonable expectation of privacy caused the Plaintiff and Class Members to suffer damages.

## COUNT VIII

### Negligence *Per Se*

(On Behalf of Plaintiff and the Nationwide and California Classes

104.    Plaintiff allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if set forth fully herein.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

105.   Pursuant to the Federal Trade Commission Act (15 U.S.C. §45), Defendants had a duty to provide fair and adequate computer systems and data security practices to safeguard the Plaintiff's and Class Members' PII.

106.   Pursuant to the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), Defendants had a duty to protect the security and confidentiality of the Plaintiff's and Class Members' PII.

107.   Pursuant to state laws in the following 12 states, Defendants operating in those states had a duty to those respective states' Class Members to implement and maintain reasonable security procedures and practices to safeguard the Plaintiff's and Class Members' Personal Information:

    a.   Arkansas: Ark. Code § 4-110-104

    b.   California: Cal Civ. Code § 1798.81.5

    c.   Connecticut: Conn. Gen. Stat. § 42-471

    d.   Florida: Fla. Stat. § 501.171(2)

    e.   Indiana: Ind. Code § 24-4.9-3.5

    f.   Maryland: Md. Code. Comm. Law § 14-5303

    g.   Massachusetts: Mass. Gen Laws Ch. 93H, § 3(a)

    h.   Nevada: Nev. Rev. Stat. § 603A.210

    i.   Oregon: Ore. Rev. Stat. § 646A.622(1)

    j.   Rhode Island: R.I. Gen Laws § 11-49.2-2(2)

    k.   Texas: Tex. Bus. & Com. Code § 521.052(a)

    l.   Utah: Utah Code § 14-44-201(1)(a)

108.   Defendants breached their duties to Plaintiff and Statewide Class Members under the Federal Trade Commission Act (15 U.S.C. § 45), Gramm-Leach-Bliley Act (15 U.S.C. § 6801), and the state reasonable data security statutes by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the Plaintiff's and Class Members' Personal Information.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

109.   Defendants failure to comply with applicable laws and regulations constitutes negligence *per se*.

110.   But for Defendants wrongful and negligent breach of their duties owed to Plaintiff and Statewide Class Members, the Plaintiff and Statewide Class Members would not have been injured.

111.   The injury and harm suffered by the Plaintiff and Statewide Class Members was the reasonably foreseeable result of Defendants breach of their duties. Defendants knew or should have known that they were failing to meet their duties, and that Sabre's breach would cause the Plaintiff and Statewide Class Members to experience the foreseeable harms associated with the exposure of their Personal Information.

112.   As a direct and proximate result of Defendants negligent conduct, the Plaintiff and Class Members have suffered injury and are entitled to damages in an amount to be proven at trial.

## COUNT IX

### Breach of the Covenant of Duty of Good Faith and Fair Dealing

(On Behalf of Plaintiff and the Nationwide and California Classes)

113.   Plaintiff allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if set forth fully herein.

114.   The law implies a covenant of good faith and fair dealing in every contract.

115.   The Plaintiff and Class Members contracted with Defendants by accepting Defendants' offers and paying for the purchased products.

116.   The Plaintiff and Class Members performed all of the significant duties under their agreements with Defendants.

117.   The conditions required for Defendants' performance under the contract has occurred.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

118.   Defendants did not provide and/or unfairly interfered with and/or frustrated the right of the Plaintiff and the Class Members to receive the full benefits under their agreement.

119.   Defendants breached the covenant of good faith and fair dealing implied in its contracts with the Plaintiff and the Class Members by failing to use and provide reasonable and industry-leading security practices.

120.   The Plaintiff and the Class Members were damaged by Defendants breach in that they paid for, but never received, the valuable security protections to which they were entitled, and which would have made their products and services more valuable.

## COUNT X

## Violation of State Data Breach Acts

(On Behalf of Plaintiff and the Nationwide and California Classes)

121.   Plaintiff allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 39, inclusive of this Complaint as if set forth fully herein.

122.   Defendants were required to, but failed, to take all reasonable steps to dispose, or arrange for the disposal, of records within its custody or control containing PII when the records were no longer to be retained, by shredding, erasing, or otherwise modifying the personal information in those records to make it unreadable or undecipherable through any means.

123.   Defendants' conduct, as alleged above, violated the data breach statutes of many states, including:

    a.   California, Cal. Civ. Code §§ 1798.80 *et. seq.*;

    b.   Hawaii, Haw. Rev. Stat. § 487N–1–4 (2006);

    c.   Illinois, 815 Ill. Comp Stat. Ann. 530/1–/30 (2006);

    d.   Louisiana, La. Rev. Stat. § 51:3071-3077 (2005), and L.A.C. 16:III.701;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

e.  Michigan, Mich. Comp. Laws Ann. §§ 445.63, 445.65, 445.72 (2006);

f.  New Hampshire, N.H. Rev. Stat. Ann. §§ 359-C:19–C:21, 358-A:4 (2006)., 332-I:1–I:610;

g.  New Jersey, N.J. Stat. Ann. § 56:8-163–66 (2005);

h.  North Carolina, N.C. Gen. Stat. §§ 75-65 (2005); as amended (2009);

i.  Oregon, Or. Rev. Stat. §§ 646A.602, 646A.604, 646A.624 (2011);

j.  Puerto Rico, 10 L.P.R.A. § 4051; 10 L.P.R.A. § 4052 (2005), as amended (2008);

k.  South Carolina, S.C. Code § 1-11-490 (2008); S.C. Code § 39-1-90 (2009);

l.  Virgin Islands, 14 V.I.C. § 2208, et seq. (2005);

m.  Virginia, Va. Code Ann. § 18.2-186.6 (2008); Va. Code Ann. § 32.1– 127.1:05 (2011); and

n.  the District of Columbia, D.C. Code § 28-3851 to 28-3853 (2007) (collectively, the "State Data Breach Acts").

124.   Defendants were required to, but failed, to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

125.   The data breach constituted a "breach of the security system" within the meaning of section 1798.82(g) of the California Civil Code, and other State Data Breach Acts.

126.   The information compromised in the data breach constituted "personal information" within the meaning of section 1798.80(e) of the California Civil Code, and other State Data Breach Acts.

127.   Like other State Data Breach Acts, California Civil Code § 1798.80(e) requires disclosure of data breaches "in the most expedient time possible and

without unreasonable delay . . . ."

128.    Defendants violated Cal. Civ. Code § 1798.80(e) and other State Data Breach Acts by unreasonably delaying disclosure of the data breach to the Plaintiff and other Class Members, whose PII was, or was reasonably believed to have been, acquired by an unauthorized person.

129.    Upon information and belief, no law enforcement agency instructed Defendants that notification to the Plaintiff and Class Members would impede a criminal investigation.

130.    As a result of Defendants' violation of State Data Breach Acts, including Cal. Civ. Code § 1798.80, *et seq.*, the Plaintiff and Class Members incurred economic damages, including expenses associated with monitoring their personal and financial information to prevent further fraud.

131.    The Plaintiff, individually and on behalf of the Class, seek all remedies available under Cal. Civ. Code § 1798.84 and under the other State Data Breach Acts, including, but not limited to: (a) actual damages suffered by Class Members as alleged above; (b) statutory damages for Defendants' willful, intentional, and/or reckless violation of Cal. Civ. Code § 1798.83; (c) equitable relief; and (d) reasonable attorneys' fees and costs under Cal. Civ. Code §1798.84(g).

132.    Because Defendants were guilty of oppression, fraud or malice, in that they failed to act with a willful and conscious disregard of the Plaintiff's and Class Members' rights, Plaintiff also seek punitive damages, individually and on behalf of the Class.

## II.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all Class Members proposed in this Complaint, respectfully requests that the Court enter judgment in her favor and against Defendants as follows:

A.    For an Order certifying the Nationwide Class and California Class as

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

defined here, and appointing Plaintiff and their Counsel to represent the Nationwide Class and the California Class;

B.    For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of here pertaining to the misuse and/or disclosure of the Plaintiff and Class Members' Private Identifiable Information, and from refusing to issue prompt, complete, and accurate disclosures to the Plaintiff and Class Members;

C.    For equitable relief compelling Defendants to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety and to disclose with specificity to Class Members the type of PII compromised.

D.    For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendants wrongful conduct;

E.    For an award of actual damages and compensatory damages, in an amount to be determined;

F.    For an award of costs of suit and attorneys' fees, as allowable by law; and

G.    Such other and further relief as this court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Based on the foregoing, Plaintiff, on behalf of themselves, and all others similarly situated, hereby demand a jury trial for all claims so triable.


Dated: April 2, 2018                          Respectfully Submitted,


                                              /s/ *Bobby Saadian*
                                              Bobby Saadian
                                              Attorneys for Plaintiff

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137