**UNITED STATES DISTRICT COURT**                                   JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

### CIVIL MINUTES -- GENERAL

Case No.   **CV 18-2649-JFW(SSx)**                    Date:  June 26, 2018

Title:        Antranik Mekerdijian -*v*- Saks Fifth Avenue LLC, et al.

---

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    **Shannon Reilly**                              **None Present**
    **Courtroom Deputy**                            **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                                                    None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER GRANTING DEFENDANTS SAKS FIFTH AVENUE LLC, LORD & TAYLOR LLC, AND HUDSON'S BAY COMPANY'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404(a) TO THE SOUTHERN DISTRICT OF NEW YORK [filed 6/4/18; Docket No. 24];**

**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS SAKS FIFTH AVENUE LLC, LORD & TAYLOR LLC, AND HUDSON'S BAY COMPANY'S MOTION TO STAY PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION [filed 6/4/18; Docket No. 25]; and**

**ORDER DECLINING TO APPROVE AS MOOT JOINT STIPULATION REQUESTING THAT THE DEADLINE IMPOSED UNDER CIVIL LOCAL RULE 23-3 BE EXTENDED TO 45 DAYS AFTER DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT IS FILED [filed 6/21/18; Docket No. 37]**

On June 4, 2018, Defendants Saks Fifth Avenue LLC ("Saks"), Lord & Taylor LLC ("Lord & Taylor"), and Hudson's Bay Company ("Hudson's Bay") (collectively, "Defendants") filed a Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer Venue Pursuant to 28 U.S.C. Section 1404(a) to the Southern District of New York ("Motion to Dismiss or Transfer").  On June 13, 2018, Plaintiffs Antranik Mekerdijian and Lana Kimmich, individually and on behalf of all others

    Initials of Deputy Clerk  _sr_

similarly situated (collectively, "Plaintiffs"), filed their Opposition.  On June 18, 2018, Defendants filed a Reply.  On June 4, 2018, Defendants filed a Motion to Say Pending Decision by the Judicial Panel on Multidistrict Litigation ("Motion to Stay").  Plaintiffs did not file an Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.  The hearing calendared for July 2, 2018 is hereby vacated and the matters taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

For the reasons stated in Defendants' Motion to Dismiss or Transfer and Reply, Defendants' Motion to Dismiss or Transfer is **GRANTED**.[1]  The Court signs and adopts, as modified, the proposed Statement of Decision GRANTING Defendants' Motion to Transfer Venue, lodged with the Court on June 20, 2018.  Docket No. 34-1.  This action is hereby **TRANSFERRED** to the United States District Court for the Southern District of New York.  Defendants' Motion to Stay is **DENIED without prejudice**.  In addition, the Court **DECLINES TO APPROVE as moot** the Joint Stipulation Requesting that the Deadline Imposed under Civil Local Rule 23-3 be Extended to 45 Days After Defendants' Answer to First Amended Complaint Is Filed.

IT IS SO ORDERED.

---

[1]  As Defendants acknowledge in their Reply, Plaintiff filing a First Amended Complaint on June 11, 2018 moots Defendants' motion to dismiss.  However, it does not automatically render moot Defendants' motion to transfer.  *See, e.g., WowWee Group Ltd. v. Wallace*, 2012 WL 13013022, *1 (C.D. Cal. June 27, 2012) (after a First Amended Complaint was filed following the filing of a motion to dismiss or transfer, holding that although the motion to dismiss was mooted by the filing of the First Amended Complaint, the motion to transfer was not and "[t]he Court has discretion [to] interpret the Motion to Transfer as applicable to the First Amended Complaint where such a motion remains applicable").