Note Changes Made by Court

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTRANIK MEKERDIJIAN, LANA KIMMICH; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SAKS FIFTH AVENUE LLC, a New York Limited Liability Company; LORD & TAYLOR LLC; HUDSON'S BAY COMPANY, a foreign corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-02649<br><br>**STATEMENT OF DECISION GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE** |

**I.  INTRODUCTION**

Pending before this Court is Defendants Saks Fifth Avenue LLC, Lord & Taylor LLC, and Hudson's Bay Company's (collectively, "Defendants") motion to transfer venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a), filed on June 4, 2018 (the "Motion"). After considering the Motion, Opposition, and Reply, and the arguments contained therein, Defendants' Motion is GRANTED.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On April 2, 2018, Plaintiffs Antranik Mekerdijian and Lana Kimmich (collectively, "Plaintiffs") filed a Complaint against Defendants in this Court. On June 11, 2018, Plaintiffs filed a First Amended Complaint ("FAC"), alleging that Defendants did not take appropriate measures to protect customers' information from a data security incident that occurred from approximately May 2017 until April 2018.  FAC ¶¶ 2, 24.  In the First Amended Complaint, Plaintiffs allege the following causes of action: (1) breach of implied contract; (2) negligence; (3) violation of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200 - Unlawful Business Practices; (4) violation of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200 - Unfair Business Practices; (5) violation of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200 - Fraudulent/Deceptive Business Practices; (6) negligence per se; (7) breach of covenant of duty of good faith and fair dealing; and (8) violation of the California Data Breach Act.

Since Plaintiffs' commencement of this action, eight cases have been filed against one or more of the Defendants.  Five of these actions are now pending before a single judge in the Southern District of New York (the "New York Actions").  These actions allege substantially similar claims concerning the data security incident during the same approximate timeframe.

## III.  LEGAL STANDARD

### A.  Section 1404(a) Transfer

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer an action to a more appropriate venue "[f]or the convenience of parties and witnesses" provided that the action "might have been brought" in the transferee district.  28 U.S.C. § 1404(a).  The underlying rationale of 28 U.S.C. § 1404(a) is to "to prevent the waste of time, energy and money" and "to protect litigants, witnesses and the public

against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). A motion to transfer venue is within the broad discretion of the transferor court and is determined on an individualized, case-by-case basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

A determination as to whether an action should be transferred pursuant to Section 1404(a) involves a two-step analysis by the court. First, the court must determine whether the action "might have been brought" in the proposed transferee district. 28 U.S.C. § 1404(a); *see Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992) (stating, among other requirements, that the party moving for a transfer of venue must establish that "the transferee district is one where the action might have originally been brought[.]"). If a party is able to show that the action could have been brought in the proposed transferee forum, the courts then look to whether "transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Goodyear Tire*, 820 F. Supp. at 506. For this second step of the analysis, courts in the Ninth Circuit consider the following factors to determine whether the convenience of the parties and witnesses, and the interests of justice are served: (1) feasibility of consolidation with other claims; (2) convenience of the witnesses and parties; (3) ease of access to the evidence; (4) plaintiff's choice of forum; and (5) familiarity of each forum with an applicable law. *See*, *e.g.*, *Hawkins v. Gerber Products Co.*, 924 F. Supp. 2d 1208, 1216 (S.D. Cal. 2013); *see* 28 U.S.C. § 1404(a). These factors "must also be weighted against another, potentially dispositive factor: the significant burden on limited judicial resources if transfer is denied." *Hawkins*, at 1214; *see also Johansson v. Cent. Garden & Pet Co.*, No. 10-03771, 2010 WL 4977725, at *3 (N.D. Cal. Dec. 2, 2010) ("Concerns over judicial efficiency are *paramount* in situations" where another lawsuit by the same

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

3
STATEMENT OF DECISION GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE
DB1/ 98001206.1

purported class is pending). The Court finds that these factors weigh in favor of transfer to the Southern District of New York.

## IV. DISCUSSION

### A. This Action Could Have Been Brought In The Southern District Of New York.

The Court concludes that Plaintiffs could have brought this action in the Southern District of New York. Venue is proper where a defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b). For the purposes of the venue statute, a defendant is subject to personal jurisdiction where it resides. *See id*. The majority of Defendants maintain principal places of business in New York and, therefore, "reside" in New York for the purposes of the venue statute. Plaintiffs do not offer any argument that this action could not have been brought in the Southern District of New York. Thus, the Court concludes that this case could have been filed in the Southern District of New York and transfer under Section 1404(a) is permitted under the first step of Section 1404(a) analysis.

### B. The Convenience Of The Parties And Witnesses And The Interests Of Justice Dictate A Transfer To The Southern District Of New York.

The Court concludes that the facts of this case also support transfer for convenience and efficiency reasons.

#### 1. It is feasible to join this action with other, pending actions.

Courts in the Ninth Circuit consider the judicial economy interest of consolidation to "weigh[] heavily" in favor of transfer. *See*, *e.g.*, *Avalon Glass and Mirror Co. v. Electric Mirror, LLC*, 2016 WL 7217579, at *4 (C.D. Cal. Dec. 12, 2016). "[E]ven the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *Callaway Golf Co. v. Corp. Trade, Inc.*, 2010 WL 743829, at *7 (S.D. Cal. Mar. 1, 2010) (internal citation omitted).

Given that the majority of pending actions are now consolidated before a single judge in the Southern District of New York, the Court concludes that concurrent litigation of the same issues in different districts would be a waste of judicial resources, unnecessarily cumulative, and may result in conflicting rulings on case-determinative issues. Accordingly, the Court finds that this factor weighs in favor of transfer to the Southern District of New York.

2. The convenience of the potential witnesses and parties weighs in favor of transfer.

In this District, convenience of the witnesses and parties is considered the most important factor when deciding whether a motion to transfer venue should be granted. See *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) ("The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a).") (internal quotation marks and citations omitted). Although the number and location of witnesses is a consideration, so is the nature and quality of their anticipated testimony. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999).

Defendants have demonstrated that most, if not all, the witnesses that have any relevant information pertaining to this action are located in New York. Mot. at 2; *see also* Declaration of Anthony Longo ("Longo Decl.") [ECF No. 24] ¶¶ 3-6. Requiring key witnesses in this case to travel across the country to appear in this action when the majority of related actions are currently pending in the state where the witnesses and data are located is highly inconvenient.

Plaintiffs do not refute Defendants' assertions concerning the convenience of witnesses and parties. Instead, Plaintiffs state that the purpose of Section 1404(a) is not to shift the inconvenience to the plaintiff. Opp. at 3 [ECF No. 28]. However, they fail to offer any facts or argument demonstrating how the transfer would inconvenience Plaintiffs. Because New York is where the majority of witnesses

who will be offering relevant testimony in this action are located, the Court finds that this factor weighs in favor of transfer to the Southern District of New York.

### 3. The ease of access to the evidence in New York weighs in favor of transfer.

Defendants have also established that the documentary evidence that will be relied upon by key witnesses to prove or disprove Plaintiffs' claims is also located in the State of New York. Although it is true that documents can be transferred to different locations, transfer is "slightly favor[ed]" when, as in this case, "most of the evidence in this litigation will be derived" from corporate records. *Hawkins*, 924 F. Supp. 2d at 1216. Plaintiffs have offered no argument in opposition on this point. Accordingly, this Court finds that this factor weighs somewhat in favor of transfer.

### 4. Plaintiffs' choice of forum warrants minimal deference in this case.

Plaintiffs contend that their choice of forum is entitled to deference. Opp. at 3 [ECF No. 28]. Although plaintiff's choice of forum "should be given weight when deciding whether to grant a motion to change venue," *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998), "when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); s*ee also Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) ("[W]here there are hundreds of potential plaintiffs . . . the claim of any one plaintiff that a forum is appropriate merely because it is his home is considerably weakened."). In this case, Plaintiffs seek to certify a nationwide class with members scattered across the United States who would possess little desire or interest in litigating a case in a California court. This is further supported by the fact that the majority of plaintiffs filing similar claims after Plaintiffs' commencement of this action chose to file and consolidate their cases in the Southern District of New York.

Plaintiffs' choice of forum also warrants less deference when the circumstances surrounding Plaintiffs' commencement of this action are taken into account. Although Plaintiffs' Opposition does not address Defendants' concerns about Plaintiffs' eagerness to file this action one day after news broke of the data security incident, the Court agrees with Defendants that the timing of Plaintiffs' original complaint, coupled with Plaintiffs' vague, bare-bones allegations (Mot. at 1 [ECF No. 24]), make it appear that Plaintiffs filed an anticipatory suit not protected by the first-to-file rule. *See* Z-Line Designs, Inc. v. Bell'O Intern., LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003) ("Circumstances under which the first to file rule will not be applied include bad faith, anticipatory suit, and forum shopping."); *Rose v. Bank of Am. Corp.*, 2014 WL 4273358, at *8 (N.D. Cal. Aug. 29, 2014) (finding that in cases involving "large, nationwide classes where the defendant's allegedly unlawful conduct occurred over a particular time period, or where the defendant's conduct was revealed by a source such as a news story or an investigative report" that "plaintiff's attorneys essentially race to the courthouse to avoid losing their lawsuit to the 'first-to-file' rule"). Thus, this Court finds that Plaintiffs' choice of forum is not entitled to the usual deference, and that this factor does not outweigh the other factors favoring transfer.

### 5. The Southern District of New York is capable of applying California law.

"[C]ourts in [one state] are fully capable of applying [another state's] substantive law." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1148 (C.D. Cal. 2009). Of particular relevance to this case, courts in this Circuit have found that "federal courts are adept at applying various state law claims of unfair competition[.]" *Barnstormers, Inc. v. Wing Walkers, LLC*, No. 09-CV-2367 BEN (RBB), 2010 WL 2754249, at *3 (S.D. Cal. July 9, 2010). Because a court in the Southern District of New York and this Court would be equally

capable of correctly applying California state law, this factor is neutral in terms of whether to transfer this action.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer Venue is **GRANTED**. This action is hereby **TRANSFERRED** to the United States District Court for the Southern District of New York.

Dated: June 26, 2018

By _____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE